Old Rose Distilling Co. v. Parkhill, 200 Ill. App. 48.

## Old Rose Distilling Company, Defendant in Error, v. Elizabeth Parkhill, Plaintiff in Error.

### Gen. No. 21,257.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JACOB HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed July 20, 1916.

### Statement of the Case.

Forcible entry and detainer by Old Rose Distilling Company, a corporation, plaintiff, against Elizabeth Parkhill, defendant, for the possession of certain premises, plaintiff's right of possession being based upon a lease entered into with one McGivern, the owner thereof. The court having found the issues for the plaintiff, and having entered judgment thereon, defendant prosecutes this writ of error.

This suit was the aftermath of a similar proceeding for the possession of the same premises, brought by the said McGivern against the defendant, wherein the court also found against the defendant, which judgment was later affirmed by this court upon a writ of error. *McGivern v. Parkhill*, 195 Ill. App. 343.

It was urged that during the pendency of the writ of error in *McGivern v. Parkhill, supra,* the present action should have been abated.

JOHN M. GRIMES, for plaintiff in error.

CHARLES W. STIEFEL, for defendant in error.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR—*when question of abatement of action raised too late.* The objection that an action involving the possession of premises should have been abated during the pendency of a writ of error in a similar proceeding for the possession of the same premises, brought by another plaintiff against the defendant, is raised too late when first raised on appeal.

2. ABATEMENT AND REVIVAL, § 39*—*when pendency of writ of error not available to abate similar action.* The pendency of a writ of error cannot be invoked to abate another similar action unless the former operates as a *supersedeas.*

3. PARTIES, § 31*—*when substitution does not constitute new cause of action.* Where a wife is made a joint defendant to an action of forcible entry and detainer originally brought against a husband, and thereafter the action is dismissed as to the husband and the case proceeds against the wife alone, such substitution of parties does not constitute a new cause of action.